IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

DOMINIC MACCARONE,

        Plaintiff,

v.                                         **Case No.**

RADIUS GLOBAL
SOLUTIONS LLC,

        Defendant.

_____/

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW,** Plaintiff, **DOMINIC MACCARONE** ("Mr. Maccarone" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **RADIUS GLOBAL SOLUTIONS LLC** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1.      This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Mr. Maccarone, his attorney, or a consumer reporting agency without prior consent of Mr. Maccarone given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

### *Jurisdiction and Venue*

2.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5.      Venue is proper in Hillsborough County, Florida, where Defendant has physical locations in Hillsborough County, Florida.

6.      Venue is proper in Hillsborough County, Florida, where this tortious cause of action accrued in Hillsborough County.

7.      Venue is also proper in Hillsborough County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8.      Plaintiff, Mr. Maccarone, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9.      At all times material hereto, Defendant was and is a business with its principal place of business in the state of MN, and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

10.     Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11.     Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12.     Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

### Statements of Fact

13.     Mr. Maccarone received medical treatment from Valencia Emergency Physicians LLC, which charges for such treatment opened two accounts under his name and such accounts were assigned account numbers ending 7008 and 7006 (Collectively, "Accounts").

14.     Sometime thereafter, Mr. Maccarone encountered financial difficulties and fell behind on his payments towards the Accounts, which incurred an outstanding balance owed thereunder ("Debt").

15.     Under information and belief, the Accounts and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16.     The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17.     Mr. Maccarone never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18.     At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19.     At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20.     Despite Defendant failing to have Mr. Maccarone's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third-party vendors.

21.     As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third-party vendor.

22.     The information conveyed by Defendant to its third-party vendor included Mr. Maccarone's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Mr. Maccarone allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Mr. Maccarone.

23.     Defendant also conveyed that it was a debt collector attempting to collect a debt from Mr. Maccarone to its third-party vendor(s).

24.     Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided risk assessments with respect to Mr. Maccarone and the Accounts.

25.     Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party-vendor that provided various scrubbing services with respect to Mr. Maccarone and the Accounts.

26.     Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Mr. Maccarone.

27.     The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Mr. Maccarone.

28.     For example, on or around April 6, 2021, Defendant used a third-party vendor to send a letter directly to Mr. Maccarone in connection with the collection of an alleged debt owed on the Accounts.  *See* **Exhibit A.**

29.     Defendant's April 6, 2021 letter was addressed directly to Mr. Maccarone, demanded a total amount due of $1,427.00 with an offer to pay $642.15 to resolve the balance, offered the option to pay online, to pay by mail using the attached payment coupon, or pay by phone, and represented that Defendant's April 6, 2021 letter was "an attempt to collect a debt and any information obtained will be used for that purpose." *See* **Exhibit A.**

30.     All of Defendant's letters to Mr. Maccarone were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31.     Mr. Maccarone re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32.     Mr. Maccarone is a "consumer" within the meaning of the FDCPA.

33.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

34.     Defendant is a "debt collector" within the meaning of the FDCPA.

35.     Defendant's communication of information in connection with the collection of the Debt to the subject third-party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a.  Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Maccarone, his attorney, or a consumer reporting agency without the prior consent of Mr. Maccarone given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37.     As a result of the above violations of the FDCPA, Mr. Maccarone has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

38.     Defendant's actions have damaged Mr. Maccarone by causing him stress.

39.     Defendant's actions have damaged Mr. Maccarone by causing him anxiety.

40.     Defendant's actions have damaged Mr. Maccarone by being an annoyance.

41.     Defendant's actions have damaged Mr. Maccarone by causing him aggravation.

42.     It has been necessary for Mr. Maccarone to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

43.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees;

    d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.   Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **DOMINIC MACCARONE** , demands a trial by jury on all issues so triable.

Respectfully submitted this **January 30, 2022**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

Filing # 142913070 E-Filed 01/30/2022 09:37:50 AM

# EXHIBIT A

P.O. Box 1259, Dept. #120957
Oaks, PA 19456

⊢ Return Mail Only - Do not send mail to this address

radius   Radius
         Global
         Solutions LLC

7831 Glenroy Rd., Suite 250-A
Minneapolis, MN 55439
(833) 386-0440
MONDAY-THURSDAY 8AM-9PM, AND FRIDAY 8AM-5PM
SATURDAY 8AM-12PM
CENTRAL TIME

DOMINIC MACCARONE

April 06, 2021
Radius Global Solutions #: ███████9970

Account(s) in our office:

Creditor:                    Valencia Emergency Physicians LLC
Debt Description:
SERVICES FOR MACCARONE  DOMINIC M - SERVICE
DATE 10/14/19
SERVICES FOR MACCARONE  DOMINIC M - SERVICE
DATE 10/14/19

Account #:                  Balance Due:
███████7008                 $66.00

███████7006                 $1,361.00

Total Balance Due: $1,427.00

Dear DOMINIC MACCARONE

### TAX SEASON OFFER!

Radius Global Solutions understands how difficult the last year was for some consumers, but now is an opportunity to resolve your outstanding account balance for less than the full balance. You can make a single payment outlined in the offer below:

OFFER: YOU PAY $642.15

Your payment must be received in office within 30 days from the date of this letter. Should you fail to complete the arrangement proposed under this option any payments made will be applied to the balance due shown above.

Take advantage of this opportunity by contacting our office and one of our representatives will be happy to accept payment or remit payment with the coupon below. We are not obligated to renew this offer.

You may also contact our office to ask about alternative payment arrangements if you are unable to take advantage of this offer.

Pay Online: www.makethispayment.com using the account information referenced above and pin number ███████

Pay by Phone: (833) 386-0440

Pay by Mail:  Send payments to: Radius Global Solutions P.O. Box 390915 Minneapolis, MN 55439-0915

Sincerely,
Radius Global Solutions

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Pay Online: www.makethispayment.com or detach here and return with payment.        120843-EFG17045-5084

Date: April 06, 2021                          Radius Global Solutions
Radius Global Solutions #: ███████9970        7831 Glenroy Rd., Suite 250-A
Balance Due: $1,427.00                        Minneapolis, MN  55439
Offer: $642.15                                (833) 386-0440
Amount Enclosed: $_____

OFFICE HOURS (CT): MONDAY-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM, AND SATURDAY 8AM-12PM

☐  Check here if your address or phone numbers have changed
    Please update changes on reverse side

Send all payments and correspondence to:

DOMINIC MACCARONE

Radius Global Solutions
P.O. Box 390915
Minneapolis, MN 55439-0915